**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL PALMA-BALBUENA, | No. 14-70887 |
| Petitioner, | Agency No. A099-579-380 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Ismael Palma-Balbuena, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

We do not consider the supplemental documents and related factual assertions referenced by Palma-Balbuena in his opening and reply briefs. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

The record does not compel the conclusion that Palma-Balbuena established either extraordinary circumstances or changed circumstances materially affecting his eligibility for asylum to excuse his untimely application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Fakhry v. Mukasey*, 524 F.3d 1057, 1063 (9th Cir. 2008) (changed circumstances must materially affect applicant's eligibility for asylum and eligibility "is established by demonstrating 'persecution or a well-founded fear of persecution on account of [a protected ground]'") (internal citation omitted). We reject his contentions that the agency did not consider evidence or applied an incorrect legal standard. Thus, we deny the petition for review as to asylum.

14-70887

Substantial evidence supports the agency's conclusion that the 2005 altercation in a store and Palma-Balbuena's related fear of future harm were not on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal dispute not grounds for relief where it is unconnected to a protected ground). Substantial evidence also supports the agency's finding that Palma-Balbuena did not establish it is more likely than not he would be harmed as a member of his family, *see INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (applicant must provide some evidence of motive, direct or circumstantial), or based on his status as a person returning from the United States, *see Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016); *see also Zetino*, 622 F.3d at 1016. We reject his contentions that the agency erred in analyzing his claim. Further, we lack jurisdiction to consider his contentions regarding Mexican transport operators because Palma-Balbuena did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Thus, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Palma-Balbuena's CAT claim because he did not establish it is more likely than not he would be tortured if returned to Mexico. *See Silaya*, 524 F.3d at 1073. We reject

his contention that the agency applied an incorrect legal standard.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**